**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MIKE ALLEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 21-4068-KHV-GEB** |
| ) | |
| **EVERGY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on Plaintiff Mike Allen's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3, *sealed*). Plaintiff, proceeding pro se, brings this action under the guise of the Americans with Disabilities Act against Defendant Evergy, Inc.[1] There are no allegations against Defendant in his Statement of Claim.[2] In lieu of setting out any claims, Plaintiff attaches correspondence with Defendant regarding purported hazardous conditions in the electrical meter on Plaintiff's property that must be repaired to avoid disruption of electrical service.[3] However, Plaintiff seeks to protect himself from "discrimination against the disabled."[4]

---

[1] ECF No. 1 at 3.
[2] *Id.* at 4.
[3] ECF No. 1-1 and 1-2.
[4] ECF No. 1 at 4.

## I.     NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.     Recommendation of Dismissal

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed without prepayment of fees.[5] However, the authority to proceed without prepayment of fees is not without limitation. 28 U.S.C. §1915 requires a court to screen the complaint of a party seeking to proceed without prepayment of fees. Sua sponte dismissal of the case is required if a court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[6] The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."[7]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. Civ. P.

---

[5] Order, ECF No. 5.
[6] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).
[7] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).

12(b)(6).[8] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[9]

Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[10] Plaintiff proceeds pro se, thus his pleadings must be construed liberally.[11] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[12] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[13]  Fed. R. Civ. P. 8 "demands more than naked assertions."[14]

On review of the Complaint the Court concludes there is an insufficient factual basis to raise the right to relief above the speculative level. Because Plaintiff is proceeding pro se, the Court has "tried to discern the kernel of the issues [] he wishes to present. . . ."[15] However, Plaintiff fails to provide any factual support for his allegations that Defendant's actions are discriminatory. Plaintiff's Complaint fails to allege facts to support a cognizable claim.

---

[8] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[9] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

[10] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id*.

[13] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[14] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

[15] *Mays* at 796.

Accordingly, **IT IS THEREFORE RECOMMENDED** that Plaintiff's claims be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of October, 2021.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge