IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-4068-KHV-GEB |
| ) | |
| EVERGY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff Mike Allen's Motion to Direct Complaint to Another Judge (**ECF No. 10**). For the reasons outlined below, Plaintiff's Motion is **DENIED.**

**I.     Background**

Plaintiff, proceeding pro se, brings this action under the guise of the Americans with Disabilities Act against Defendant Evergy, Inc. The case stems from Defendant's warning to Plaintiff that his electrical service will be discontinued if Plaintiff does not repair purported hazardous conditions in the electrical meter on his property. The Court granted Plaintiff's for Leave to Proceed *In Forma Pauperis*[1] but simultaneously recommended Plaintiff's claims be dismissed for failure to state a cognizable claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).[2] District Judge Kathryn H. Vratil adopted the Court's recommendation that Plaintiff's Complaint be dismissed but set a deadline of

---

[1] ECF No. 5.
[2] ECF No. 6.

October 29, 2021, no later than 5:00 p.m., to file a motion for leave to amend complaint.[3]

On October 27, 2021, Plaintiff filed the current, one paragraph motion, which says:

> I lived and owned my house for 22 years with absolutely no electric problems. This case is about my life. If the power company "Evergy" is to disconnect my electricity in the winter, I will not live to see the summer of 2022. I am disabled. I ask that this complaint be directed to a judge who is concerned about lives.

Where Plaintiff seeks the case be reassigned, the Court views the motion as one for recusal.

## II.     Legal Standard

As a general matter, a court has discretion when deciding whether to recuse.[4]  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping.[5]

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.[6] For recusal under 28 U.S.C. § 144, the moving party must submit an affidavit showing bias and prejudice.[7] The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."[8] These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions.[9]

Under 28 U.S.C. §§ 455(a) and (b)(1), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or if "[s]he has a

---

[3] ECF No. 9.
[4] *Zhu v. Johns*, No. 07-4001-KHV, 2007 WL 4561526, at *1 (D. Kan. Dec. 21, 2007) (citing *Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir.1987)).
[5] *Cox v. Ann (LNU)*, No. 12-2678-DDC, 2014 WL 7272531, at *2 (D. Kan. Dec. 18, 2014) (citing *Nichols v. Alley*, 721 F.3d 347, 351 (10th Cir. 1995).
[6] *Id.* at *1.
[7] *Id.* (citing *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir.2005)).
[8] *Id.*
[9] *Id.*

personal bias or prejudice concerning a party." Recusal is necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."[10] The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[11] A litigant's feelings "which, of necessity, must be subjective, cannot without more be made the test."[12] Additionally, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality."[13]

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[14] "The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."[15] Finally, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."[16]

---

[10] *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

[11] *Nichols v. Alley*, 71 F.3d 347, 350–51 (10th Cir.1995) (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993)).

[12] *Zhu*, 2007 WL 4561526, at *1 (citing *United States v. Corr*, 434 F.Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir.1968))).

[13] *Traylor v. Gibson*, 202 F.3d 283, 2000 WL 16328, at *1 (10th Cir. 2000) (citing *Liteky v. United States,* 510 U.S. 540, 555 (1994)).

[14] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir.1993) (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).

[15] *Id.* at 993.

[16] *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987) (internal citations omitted).

### III.   Discussion

Plaintiff's motion does not make it clear whether he wishes to recuse the undersigned, District Judge Kathryn H. Vratil, or both. Out of an abundance of caution, the Court will consider it to seek the recusal of both. Plaintiff's motion does not contain an affidavit. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff's motion does not support a request for recusal under 28 U.S.C. § 144.

It is the Court's job to review all cases where a party seeks leave to proceed *in forma pauperis*, and a court "shall dismiss the case" if it determines the action fails to state a claim on which relief may be granted.[17] Plaintiff was allowed the opportunity to object to the October 7, 2021 Report and Recommendation of dismissal for failure to state a cognizable claim, which he did on October 15, 2021.[18] Judge Vratil conducted an independent review of the Report and Recommendation and Plaintiff's objection. Judge Vratil adopted the Court's Report and Recommendation but gave Plaintiff the opportunity to file a motion for leave to amend his complaint no later than October 29, 2021.[19] Plaintiff did not timely avail himself of the opportunity to seek to amend his complaint.

The Supreme Court has explained that adverse judicial rulings are proper grounds for appeal they, however, "almost never constitute a valid basis for a bias or partiality motion."[20]  When no extrajudicial source is relied upon as grounds for recusal, "opinions

---

[17] 28 U.S.C. § 1915(e)(2).
[18] ECF No. 7.
[19] ECF No. 9.
[20] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[21] While the Court understands the Plaintiff's concerns for the upcoming winter, the Court finds no reasonable person would believe either the undersigned's Report and Recommendations (ECF No. 6) or Judge Vratil's Order adopting the recommendation (ECF No. 9) implicates the "deep-seated favoritism or antagonism" which would make recusal proper.

## IV. Conclusion

The Court has examined Plaintiff's motion and the record in this case and finds no valid or reasonable basis for any claim of bias and partiality either by the undersigned or Judge Vratil.  Rather, Plaintiff's Motion appears to rest almost entirely on the fact that both made rulings adverse to him. Displeasure with a court's rulings is not grounds for recusal.[22] Based on the foregoing, Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** Plaintiff Mike Allen's Motion to Direct Complaint to Another Judge **(ECF No. 10) is DENIED.**

---

[21] *Id.*

[22] *See also Hall v. Doering*, 185 F.R.D. 639, 643 (D. Kan. 1999) ("Recusal statutes are meant to shield litigants from biased and prejudiced judges, and not as a means of protesting court orders and procedures with which litigants disagree.").

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of November 2021.

                                           s/ Gwynne E. Birzer
                                          GWYNNE E. BIRZER
                                          United States Magistrate Judge