IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 21-4068-KHV |
| EVERGY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Mike Allen brings suit against Evergy, Inc. under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Civil Complaint (Doc. #1) filed October 1, 2021 at 3. On October 7, 2021, Magistrate Judge Gwynne E. Birzer granted plaintiff's request to proceed without prepayment of fees, but recommended that the Court dismiss his claims for failure to state a claim on which relief can be granted. See Order (Doc. #5); Report And Recommendation (Doc. #6). This matter is before the Court on plaintiff's Objection To Dismiss Plaintiff's Complaint (Doc. #7) filed October 15, 2021 and his Motion To Relieve Gwynne E. Birzer From This Case (Doc. #12) filed November 6, 2021. For reasons stated below, the Court overrules plaintiff's objection and motion, adopts Judge Birzer's report and recommendation in its entirety and dismisses plaintiff's complaint.

## Legal Standards

Upon objection to a magistrate judge report and recommendation on a dispositive matter, the Court reviews de novo those portions of the report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject or modify, in whole or in part, the magistrate judge's recommendations or findings.

**Analysis**

Plaintiff's complaint alleges that Evergy has threatened to disconnect electrical service to his residence if he does not make necessary repairs to his electrical meter box.  See Statement Of Plaintiff (Doc. #1-1), attached to Civil Complaint (Doc. #1).  Plaintiff is disabled and he alleges that disconnecting electrical service "will be risky" to his health.  Id.

Plaintiff asserts a single claim under the ADA.  Judge Birzer recommended that the Court dismiss plaintiff's complaint for failure to state a claim on which relief can be granted.  Report And Recommendation (Doc. #6) at 3 (complaint fails to set forth factual basis sufficient to raise right to relief above speculative level).  In plaintiff's objection to the magistrate's recommendation, he attempts to clarify the facts underlying his claim.  He states that Evergy made an "unsubstantiated safety claim" and gave him a small window of time to have the meter box upgraded.  Objection To Dismiss Plaintiff's Complaint (Doc. #7) at 2.  Plaintiff also asserts that because of his economic circumstances, he may be unable to make the required upgrade by November 19, 2021.  Id.

In 1990, Congress enacted the ADA to remedy widespread discrimination against disabled individuals.  PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001).  To achieve its sweeping purpose, the ADA prohibits discrimination on the basis of disability in major areas of public life, including employment (Title I), public services (Title II) and public accommodations (Title III).  Id. at 675.

Plaintiff does not specify whether he asserts his ADA claim under Title II or Title III.  To set forth a claim under either statutory provision, however, plaintiff must allege that defendant denied him benefits or otherwise discriminated against him because of his disability.  See 42 U.S.C. § 12132 (under Title II, "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); 42 U.S.C. § 12182(a) (under Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation").

Plaintiff's complaint merely sets forth his disagreement with an Evergy representative about whether his meter box needs repair.  See Statement Of Plaintiff (Doc. #1-1), attached to Civil Complaint (Doc. #1).  Plaintiff does not allege that Evergy representatives knew of his disability or that they determined that his meter box was unsafe because of any such disability.  Plaintiff's complaint does not allege a plausible theory how Evergy discriminated against him because of his disability.  Accordingly, he has not stated a claim on which relief can be granted under the ADA.[1]  The Court thus overrules plaintiff's objection to the magistrate's report and recommendation and dismisses his complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because the Court dismisses plaintiff's complaint after de novo review, it overrules as moot plaintiff's motion to remove Judge Birzer as magistrate in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Objection To Dismiss Plaintiff's Complaint (Doc. #7) filed October 15, 2021 is **OVERRULED**.  **The Court adopts in its entirety Judge Birzer's Report And Recommendation (Doc. #6) filed October 7, 2021.**

**IT IS FURTHER ORDERED** that plaintiff's Civil Complaint (Doc. #1) filed October 1,

---

[1] Plaintiff argues that to the extent that he does not state a plausible claim under the ADA, the Court should consider his claim under other federal laws protecting the disabled. Even if the Court considered plaintiff's claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, plaintiff has not stated a plausible claim. Under the Rehabilitation Act, an individual is protected from discrimination because of his or her disability. 29 U.S.C. § 794(a). Again, because plaintiff has not alleged that Evergy acted because of his disability, he cannot state a claim against it under the Rehabilitation Act.

2021 is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Relieve Gwynne E. Birzer From This Case (Doc. #12) filed November 6, 2021 is **OVERRULED as moot**.

Dated this 15th day of November, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge